Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5266
Email: bwilson@hawleytroxell.com

Attorneys for Trustee Timothy R. Kurtz

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No. 21-00461-JMM |
|---|---|
| RICHARD JAMES WHEYLAND and NIKKI LEE WHEYLAND, Debtors. | |

## NOTICE OF SUBPOENA – UNION BANK

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, incorporated by reference to this bankruptcy case by Federal Rule of Bankruptcy Procedure 9016, Timothy R. Kurtz, Chapter 7 Trustee, by and through his attorneys of record, HAWLEY TROXELL ENNIS & HAWLEY LLP, hereby gives notice of his intent to serve the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (the "**Subpoena**") attached as Exhibit 1 to this Notice on Union Bank.

The Subpoena seeks production of documents from Union Bank on or before December 10, 2021, at 5:00 p.m. (MT), as to the items listed on Exhibit A to the Subpoena at the offices of Hawley Troxell Ennis & Hawley LLP.

NOTICE OF SUBPOENA – UNION BANK - 1

Dated: November 24, 2021

Respectfully submitted,

HAWLEY TROXELL ENNIS & HAWLEY LLP

By /s/ Brent R. Wilson _____
  Brent R. Wilson, ISB No. 8936
  Attorneys for Trustee Timothy R. Kurtz

NOTICE OF SUBPOENA – UNION BANK - 2

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of November, 2021, I electronically filed the foregoing NOTICE OF SUBPOENA – UNION BANK with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Joshua M. O'Hare | johare@foleyfreeman.com |
| Timothy R. Kurtz | trk@kurtztrustee.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |

AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants **via U.S. Mail**:

**Nikki Lee Wheyland**
19305 Batt Corner Road
Wilder, ID 83676

**Richard James Wheyland**
5974 Claytonia Way
Marsing, ID 83639

/s/ Brent R. Wilson
Brent R. Wilson

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Idaho

In re Richard J. Wheyland; and Nikki L. Wheyland
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 21-00461-JMM

Chapter 7

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Union Bank

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    SEE EXHIBIT A, ATTACHED HERETO AND INCORPORATED BY REFERENCE HEREIN

| PLACE | DATE AND TIME |
|---|---|
| Hawley Troxell Ennis & Hawley LLP, 877 Main Street, Suite 1000, Boise, ID 83702; or via email to bwilson@hawleytroxell.com | Dec. 10, 2021, at 5:00 p.m. (MST) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 24, 2021

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Timothy R. Kurtz, Chapter 7 Trustee    , who issues or requests this subpoena, are:

Brent R. Wilson, Esq., Hawley Troxell Ennis & Hawley LLP, 877 Main Street, Suite 1000, Boise, Idaho 83702: bwilson@hawleytroxell.com; (ph) 208-344-6000; (fax) 208-954-5209

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or
        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

### EXHIBIT A – UNION BANK SUBPOENA

Definitions

1. "**Document**" or "**Documents**" shall mean and include any kind of written, printed, typed, graphic, or electronic matter of any kind or nature, however produced or reproduced, including but without limitation, all mechanical and electronic sound recordings or transcripts thereof, emails, papers, agreements, contracts, notes, memoranda, correspondence, letters, telegrams, statements, canceled checks, books, reports, studies, minutes, records, accounting books, analyses, studies, e-mails, or electronic data stored in any medium, whether in your possession or under your control or not, relating or pertaining in any way to the subject matters in connection with which it is used, and includes, but without limitation, originals; all file copies, and all other copies no matter how or by whom prepared and regardless of media, electronic or otherwise; all drafts prepared in connection with such writings, whether used or not; and all metadata related thereto.

Description of Documents to be Produced

The Documents to be produced by Union Bank are all of the following within its possession, custody, or control:

A. From January 1, 2013, through present day, all communications, including but not limited to emails or letters, between Union Bank and Chapter 7 Debtor Nikki L. Wheyland or anyone purporting to act on her behalf or represent her;

B. Account statements for Union Bank Account Number ▮▮▮▮6096 from January 1, 2013, through November 30, 2019.

C. Any and all Documents and communications received by Union Bank related to or referencing the wire transfer that occurred on March 17, 2021, from Union Bank Account Number ▮▮▮▮6096 to an account at Idaho Central Credit Union owned by Chapter 7 Debtor Nikki L. Wheyland, including any Documents that indicate who initiated or directed the wire transfer.

D. Account statements for Account Number ▮▮▮▮6096 for August 1, 2021, through present day.